FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ AUG 3 0 2006 ★
BROOKLYN OFFICE

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

DAVID CUTTER and PAMELA E. CUTTER,    **MEMORANDUM AND ORDER**
Case No. CV-05-5527

       Debtors/Appellants.

------------------------------------------------------------x

*Appearances:*
For the Appellants:
ROY J. LESTER, ESQ.
Lester and Weitz, P.C.
600 Old Country Road, Suite 229
Garden City, NY 11530

For the Appellee:
ANTHONY C. ACAMPORA, ESQ.
Silverman Perlstein & Acampora, P.C.
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753

**BLOCK, Senior District Judge:**

      Co-debtors David Cutter and his wife, Pamela E. Cutter (collectively, the "Debtors"), appeal from an order of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") reopening their joint Chapter 7 proceeding and re-appointing Kenneth P. Silverman (the "Trustee") to take such steps as necessary to administer the assets of the estate. The Court does not have jurisdiction to hear the Debtors' appeal, and therefore declines to review the Bankruptcy Court's order.

## BACKGROUND

      The following undisputed facts are drawn from the parties' submissions in the Record of Appeal ("R.").

      By deed recorded on April 29, 1993, the Debtors transferred title to real property (the "Property") to Raymond Kulka, uncle of David Cutter. The Debtors

1

continued to occupy the Property, renting it from Mr. Kulka, for all periods up to and following the bankruptcy proceedings.

On June 3, 1998 (the "Filing Date"), the Debtors filed an application for bankruptcy under Chapter 7 and the Trustee was appointed. On July 23, 1998, the Trustee convened the First Meeting of Creditors under 11 U.S.C. § 341; the Debtor's informed the Trustee that they had sold the Property in 1993 and were renting it from the present owner. On July 27, 1998, the Trustee filed a Report of No Assets with the Bankruptcy Court. On October 5, 1998, the Bankruptcy Court granted the Debtors a discharge under 11 U.S.C. § 727. On October 20, 1998, the Bankruptcy Court issued a final decree discharging the Trustee from his duties and closing the Debtors' case.

Mr. Kulka conveyed the Property back to the Debtors by deed recorded on April 14, 1999. The deed bears the date of January 7, 1998; the deed signing was witnessed on December 7, 1998 and was notarized on March 4, 1999. The parties do not agree as to when the deed was delivered.

On July 12, 2005, the Trustee filed a motion to reopen the Chapter 7 proceeding and administer assets of the estate pursuant to 11 U.S.C. §§ 105, 350(b) and Bankruptcy Rule 5010, alleging that the co-Debtor, David Cutter, may have owned the reconveyed Property immediately prior to the Filing Date. The Debtors deny that the Property passed back to them before the Filing Date, and argue that the Bankruptcy Court lacked cause to reopen the case because the Trustee's action is barred by the statute of limitations and laches.

On September 20, 2005, the Bankruptcy Court held a hearing on the Trustee's motion. While acknowledging that the Trustee had a heightened obligation to investigate before filing a Report of No Assets, *see* R. at 12 ("[I]f the Trustee had been aware of the fact that this property was transferred to the uncle, then presumably there might have been a basis at that point to challenge the transfer as a fraudulent transfer . . . ."), the Bankruptcy Court concluded that "the more prudent thing would be to let the Trustee reopen the case, and then we can have litigation over the issue of whether or not the Trustee can assert this cause of action," *id.* at 48; accordingly, the Bankruptcy Court reopened the case "for [the] limited purpose" of further investigation. *Id.* at 59.

The order to reopen was entered September 27, 2005. The Debtors filed their notice of appeal on October 6, 2005.

## DISCUSSION

The threshold issue is whether the Court has jurisdiction to hear the Debtors' appeal. Although the Trustee does not object to the Debtors' asserted basis for appellate jurisdiction, the Court is nonetheless required to raise the issue *sua sponte*. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction . . . ."); *accord Wight v. BankAmerica Corp.*, 219 F.3d 79, 90 (2d Cir. 2000) ("[I]rrespective of how the parties conduct their case, the courts have an independent obligation to ensure that federal jurisdiction is not extended beyond its proper limits.").

Final orders of the bankruptcy court may be appealed to the district court as

of right, *see* 28 U.S.C. § 158(a)(1), whereas appeals from interlocutory orders may only be taken with leave of the district court. *See id.* § 158(a)(3); *In re AroChem Corp.* 176 F.3d 610, 618 (2d Cir. 1999).

## I. Appeals from Final Orders

The Second Circuit has held that "the concept of 'finality' is more flexible in the bankruptcy context than in ordinary civil litigation." *In re Flor*, 79 F.3d 281, 283 (2d Cir. 1996). Yet "for a bankruptcy court order to be final . . . it must completely resolve all of the issues pertaining to a discrete claim . . . ." *In re Fugazy Express Inc.*, 982 F.2d 769, 775-76 (2d Cir. 1992); *accord In re Chateaugay Corp.*, 922 F.2d 86, 90 (2d Cir. 1990) ("Orders in bankruptcy cases may be immediately appealed if they resolve discrete disputes within the larger case."). Orders which leave affirmative defenses unresolved are not final. *See City of New York v. Exxon Corp.*, 932 F.2d 1020, 1023 (2d Cir. 1991).

Applying the *Fugazy* standard, the Court finds that the Bankruptcy Court's order to reopen was not final in that it did not completely resolve a discrete dispute: namely, whether the Property should have been administered as part of the Debtors' estate. As evidenced by the hearing transcript, the Bankruptcy Court explicitly avoided making any determination on the merits of the Trustee's claim, *see* R. at 48 ("[T]he more prudent thing would be to let the Trustee reopen the case, and then we can have litigation over the issue of whether or not the Trustee can assert this cause of action."); accordingly, under *Fugazy*, the order was not final. *See* 982 F.2d at 775-76.

The Court reaches the same result by applying *Exxon*. Under the Federal

4

Rules of Civil Procedure, laches and statute of limitations are both classified as affirmative defenses. *See* Fed. R. Civ. P. 8(c). The hearing transcript shows that the Bankruptcy Court refused to make a determination as to the applicability of either defense. *See* R. at 58-59 ("MR. LESTER: . . . But Judge, let's talk about laches as -- THE COURT: No, we're not talking about anything. I have now determined. You'll have a chance to -- bring the appropriate actions later."). Despite the order to reopen, then, the Debtors' affirmative defenses remain unresolved; accordingly, under *Exxon*, the Bankruptcy Court's decision was not final. *See* 932 F.2d at 1023.

The Debtors cite two unpublished opinions from the Sixth Circuit's Bankruptcy Appellate Panel to support their assertion that the Bankruptcy Court's order to reopen was a final order. The first opinion, *In re Adams*, No. 99-8020, 1999 Bankr. LEXIS 1728 (B.A.P. 6th Cir. 1999), does not, as the Debtors claim, hold that "[a]n order deciding a motion to reopen a bankruptcy case is a final order," Brief of Appellants at 5; rather, it holds that "[a]n order *denying* a motion to reopen a bankruptcy case is a final order." *Adams*, 1999 Bankr. LEXIS 1728 at *2 (emphasis added). As *Adams* explains, denying a motion to reopen is a final order because it "leaves nothing for the [bankruptcy] court to do but execute the judgment." *Id.* In contrast, the Bankruptcy Court's order *granting* the Trustee's motion did not end the litigation, even with respect to the discrete issue of whether the Property should be considered property of the estate to be administered by the Trustee; instead, as discussed above, it left that issue, including the Debtors' affirmative defenses to the Trustee's claim, unresolved.

The second opinion that the Debtors cite, *In re Bonner*, No. 04-8101, 2005 Bankr. LEXIS 1683 (B.A.P. 6th Cir. 2005), is distinguishable on its facts. In *Bonner*, the bankruptcy court granted the trustee's motion to reopen the estate to administer a personal injury claim of the debtors, *see id.* at *6, a determination found by the bankruptcy appellate panel to be "conclusive on the merits," *id.* at *2. Here, the Bankruptcy Court did not grant the Trustee's motion to reopen so that he could administer the Property, but rather "for [the] limited purpose" of investigating the reconveyance of the Property. R. at 59.

Having determined that the Bankruptcy Court's order to reopen was not final, the Court now turns to the question of whether it has jurisdiction to review the Debtors' appeal as from an interlocutory order, keeping in mind that "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (quoting *Coopers & Lybrand*, 437 U.S. 463, 475 (1978)).

## II. Appeals from Interlocutory Orders

An appeal from an interlocutory order pursuant to 28 U.S.C. § 158(a)(3) is made by filing a notice of appeal accompanied by a motion for leave to appeal. Fed. R. Bankr. P. 8001(b). If the required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court may 1) grant leave to appeal, 2) direct that a motion for leave to appeal be filed or 3) consider the notice of appeal as a motion for leave to appeal and deny leave to appeal. Fed. R. Bankr. P. 8003(c). For the reasons stated below, the Court concludes that leave should be denied; accordingly, it will treat the Debtors'

notice of appeal as a motion for leave to appeal. *Id.*

**A. Section 1292(b)**

Although section 158 and the Bankruptcy Rules describe the right to appeal from an interlocutory order and the procedure for doing so, neither provides guidelines for determining whether a district court should grant leave to appeal in a particular case. Searching for guidance elsewhere, most district courts in the Second Circuit have applied the analogous standard for certifying an interlocutory appeal from a district court order, set forth in 28 U.S.C. § 1292(b). *See North Fork Bank v. Abelson*, 207 B.R. 382, 387 (E.D.N.Y.1997) (citing district court decisions applying section 1292(b)). Under section 1292(b), an interlocutory appeal may be granted when the order appealed from "involves a controlling question of law as to which there is substantial ground for difference of opinion and [when] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

A bankruptcy case "may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause," 11 U.S.C. § 350(b); by definition, therefore, the bankruptcy court's decision should only be overturned upon a showing of abuse of discretion. *See Bartle v. Markson*, 357 F.2d 517, 523 (2d Cir. 1966) ("What constitutes 'cause' is not defined and lies primarily within the discretion of the district judge; only for plain abuse of discretion should his decision be reversed." (quoting *In re Perlman*, 116 F.2d 49, 50 (2d Cir. 1940)); *In re Candelaria*, 121 B.R. 140, 142 (E.D.N.Y. 1990). The order appealed from here involves an exercise of discretion rather

7

than a controlling question of law; accordingly, the Court finds that it is not appealable under section 1292(b).

**B. Collateral Order Doctrine**

A smaller number of district courts in the Second Circuit have applied the collateral order doctrine to decide whether to grant leave to appeal from an interlocutory order. *See, e.g., Alexander v. Bank of Woodstock*, 248 B.R. 478 (S.D.N.Y. May 16, 2000) (applying both section 1292(b) and the collateral order doctrine). Under this doctrine, an appellate court may review an interlocutory order "that (1) conclusively determines a disputed question, (2) resolves an important issue completely separable from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *In re Johns-Manville Corp.*, 824 F.2d 176 180 (2d Cir. 1987) (citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)). A decision is not reviewable as a collateral order unless it satisfies all three of these requirements. *See Alexander*, 248 B.R. at 483 (citing *United States v. Weiss*, 7 F.3d 1088, 1089 (2d Cir. 1993)).

The Bankruptcy Court's order to reopen was limited in scope to allow the Trustee to investigate the Property's reconveyance; the Bankruptcy Court did not conclusively determine whether the Property should have been administered as part of the Debtors' estate. Furthermore, as discussed above, the Bankruptcy Court's final judgment, incorporating its adjudication of the Debtors' affirmative defenses, will be reviewable on appeal; accordingly, the Court finds that the collateral order doctrine is not applicable.

## CONCLUSION

For the foregoing reasons, the Court finds that it does not have jurisdiction to hear the appeal; accordingly, the appeal is dismissed.

**SO ORDERED**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 29, 2006